# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**BEVERLY AND MERRICK LITTLE** § **PLAINTIFFS**
§
v. § **CIVIL ACTION NO. 1:09CV102-LG-RHW**
§
**UNITED SERVICES AUTOMOBILE** §
**ASSOCIATION; FIRST AMERICAN** §
**FLOOD DATA SERVICES;** §
**and JOHN DOES A-Z** § **DEFENDANTS**

## ORDER GRANTING MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [16] filed by the defendant, United Services Automobile Association. The plaintiffs, Beverly and Merrick Little, have not responded to the Motion. The defendant, First American Flood Data Services, has not made an appearance in this lawsuit. Upon reviewing the Motion and the applicable law, the Court finds that the Motion to Remand should be granted.

### FACTS AND PROCEDURAL HISTORY

The plaintiffs, Beverly and Merrick Little, originally filed this lawsuit against USAA Casualty Insurance Company ("USAA CIC") and First American in the Circuit Court of Jackson County, Mississippi. The plaintiffs asserted that USAA CIC wrongfully denied insurance coverage for damage caused by Hurricane Katrina and that First American made an erroneous flood zone determination regarding their home. USAA CIC removed the case to this Court and then filed a Motion to Dismiss, asserting that it did not issue the plaintiffs' insurance policy and demonstrating that the policy was actually issued by another company, USAA. The Motion to Dismiss was granted, but the plaintiffs were given permission to amend their complaint to name USAA as the defendant. As a result, the plaintiffs filed an Amended Complaint against USAA

and First American.  USAA has filed a Motion to Remand, contending that diversity jurisdiction does not exist in this lawsuit.

## DISCUSSION

The Amended Complaint appears to be based on diversity jurisdiction, since no federal claims are alleged.  *See Paul v. Landsafe Flood Determination, Inc.*, 550 F.3d 511, 513 (5th Cir. 2008) (noting that the National Flood Insurance Act does not create a private right of action for an erroneous flood zone determination).  28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states.

It is undisputed that the plaintiffs are residents of North Carolina.  USAA has submitted an affidavit, which is signed by its Assistant Vice-President, that explains that USAA is not a corporation but is a reciprocal interinsurance exchange.  (Ex. B to Def.'s Mot.)  USAA's insureds are its members.  (*Id.*)  As a result, the plaintiffs in this lawsuit are members of USAA.

An unincorporated entity's citizenship is based on the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Thus, the plaintiffs' own citizenship in North Carolina makes USAA a citizen of North Carolina for jurisdictional purposes.  Therefore, diversity jurisdiction does not exist in this lawsuit, and the Motion to Remand must be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [16] filed by the defendant, United Services Automobile Association, is **GRANTED**.  The above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF JACKSON COUNTY , MISSISSIPPI**,  pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court.

**SO ORDERED AND ADJUDGED** this the 15th day of May, 2009.

                                       s/ *Louis Guirola, Jr.*
                                       LOUIS GUIROLA, JR.
                                       UNITED STATES DISTRICT JUDGE